In re Louis L. LASSER and Stanley M. Kahn, Debtors.

Louis L. LASSER and Stanley M. Kahn, Plaintiffs,

v.

James R. McQUADE, Jr., Defendant.

Bankruptcy No. 883–30840–20.
Adv. No. 885–0090–20.

United States Bankruptcy Court,
E.D. New York.

July 22, 1985.

Shaw, Goldman, Licitra, Levine & Weinberg, P.C., Garden City, N.Y., for plaintiffs.

Ernest J. Belfi, Rockville Centre, N.Y., for James McQuade.

Donald Fishetto, pro se.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard upon the Defendant's Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted; or in the alternative, that plaintiffs make a more definite statement of their claim. The court finds that plaintiffs' complaint sufficiently alleges claims related to a lease between the parties. Accordingly, both defendant's motion to dismiss and defendant's motion for more definite statement are denied.

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim that will give the defendant fair notice of what the claim is against him." As interpreted by a unanimous Supreme Court decision, "all the rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

In their complaint, plaintiffs accused defendant of the following:

Defendant breached the Cumulative Lease and failed to perform the obligation on his part required to be performed, in that, *inter alia:*

(a) Defendant failed to pay the requisite rental for the periods of November and December, 1984 and January, February and March, 1985 in the total sum of $10,300;

(b) Defendant failed to maintain the premises in good order and repair, and instead suffered and caused deterioration or damage thereto;

(c) Defendant dismantled, destroyed and removed improvements upon the de-

mised premises which were debtor's absolute property as landlord of the premises, and defendant removed trade fixtures therefrom, causing material damage to the freehold;

(d) Defendant failed to keep the premises insured;

(e) Defendant failed to heat the demised premises and furnish the fuel therefor; and

(f) Defendant failed to make payment of real estate taxes in connection with Lot 5, as a result of which Nassau County assumed title to Lot 5 on or about March 30, 1983 (which title assumption currently is being challenged by debtor in a separate adversary proceeding currently pending before this court, No. 885–0048–20).

The claims do not have to be pleaded more particularly because the complaint describes breaches of a lease such that the defendant has enough information to make an answer.

Defendant asserts, nonetheless, that directors and officers of a corporation cannot be held personally liable for acts performed on behalf of a corporation. The court notes that a director may be held personally liable where he has participated in a wrong or has acted adversely to the corporation for his own benefit, 15 N.Y. Jur.2d § 1077, but it is premature to consider this issue in the absence of evidence concerning defendant's corporate capacity at the relevant times.

In summary, the Federal Rules of Civil Procedure "notice pleading" requirement has been satisfied, and defendant's motions are denied.

SO ORDERED.